EN BANC ORDER

JESS H. DICKINSON, Presiding Justice,
for the Court.
Now before the en banc Court is an appeal filed by Marilyn Newsome, in her capacity as Conservator for Victoria Denise Newsome.
Marilyn sought and was granted permission to file suit against various parties in connection with the mismanagement of *831 conservatorship funds. After obtaining permission to sue, Marilyn filed her complaint in the Chancery Court of Simpson County and within the conservatorship cause number.
The chancellor sua sponte issued an order “severing” Marilyn’s claims from the conservatorship proceeding, ordering that Marilyn’s complaint be transferred into a separate cause number. The chancellor then purported to certify his order severing the claims as a Rule 54(b) judgment.[1] Marilyn appealed to .this Court, requesting that we reverse the chancellor’s order transferring her complaint from the con-servatorship cause number into a separate cause number, but still within the chancery court.
Rule 54(b) provides that ‘“when more than one claim for relief is presented in an action ... or where multiple parties are involved, the court may direct the' entry of a final judgment as to one or more but fewer añ all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.”[2]
After due consideration, we find that this appeal is not properly before this Court. The chancellor improperly certified the order severing the claims under Rule 54(b) because the order did not dispose of any substantive claims in general nor any substantive claims against a particular party. Instead, the order concerned a merely administrative matter from which there is no appeal, as of right. We therefore conclude that the chancellor’s order fails to implicate an appealable judgment. Accordingly, we find that this appeal should be dismissed.
IT IS THEREFORE ORDERED that this appeal shall be dismissed upon the entry of this order. Costs of appeal, if any, are taxed to the Appellant.
SO ORDERED.
ALL JUSTICES AGREE.

. See Miss. R. Civ.'P. 54(b).

. Miss. R. Civ. P. 54(b). ■